## Hotchkiss v. Chevaillier.

In a suit commenced before a Justice of the Peace to revive a judgment, and carried to the District Court by *certiorari*, it is proper to render judgment for the amount due on the judgment, and to award execution therefor.

Where a case was carried by the defendant from a Justice's Court to the District Court, and the judgment of the District Court was for a less amount than the judgment of the Justice's Court, and the District Court adjudged the plaintiff to pay the costs of that Court, and the defendant to pay the costs of the Justice's Court; *Held*, That the judgment did not conform to the statute. (Hart. Dig. Art. 716.)

Error from Nacogdoches. Suit in a Justice's Court to revive a judgment; judgment for the plaintiff that he recover, &c.; removed by the defendant to the District Court; judgment for the plaintiff, but for a less amount, that he recover, &c., and that execution issue. As to the costs, it was adjudged that plaintiff recover the costs of the Justice's Court, and the defendants recover the costs of the District Court. Defendants prosecuted this writ of error.

*R. S. Walker*, for plaintiffs in error. It is contended by the appellants, that there has not been yet rendered in this case, a judgment responsive to the issue; and at all events if one or the other is correct, that it is that rendered by the Justice of the Peace; in favor of which, by liberality of revisory Courts and the necessity of the thing, great aid is afforded and expected to be given. Yet if it be true that the judgment of the District Court be incorrect, it is contended that there is nothing in the record which will enable this Court to reform the judgment, but that the same should be reversed. Ordinarily, on the hearing of a cause, on *certiorari*, the judgment is upon the merits in controversy; trial *de novo*, and the judgment rendered which should be rendered in the Court below.

This well may be, because the jurisdiction of the subject matter, by operation of law, is changed, if the party seeking to obtain another hearing, embraces the requirement of the statute, and the issue in the superior Court is the same between the parties as it was in the original Court. But where those issues are determined in the first place, and the time elapses for taking an appeal or writ of error ; and the judgment (which has settled the issues between the parties) becomes dormant, and the plaintiff seeks to give vitality to it, and put it in action, then the only question between the parties is, whether it shall or shall not be revived, and only matters of defence arising since the judgment of the Court are allowed, and the judgment is that execution issue for the whole or part of the judgment—or that it be not revived. But no judgment for any amount of debt, &c. If that be the correct exposition of the doctrine, (Bullock v. Ballew, 9 Tex. R. 498,) then the judgment of the District Court is not only bad, (under the analogy to the case cited,) but it is fatally bad, and cannot be re-formed ; in this, that it does not revive the judgment of the Justice's Court, but gives judgment for debt, &c., and orders the execution to issue from the District Court for its satisfaction. From which defect in substance no relief by reformation of the judgment can be hoped for, under the ruling of the Court in Waller v. Huff, 9 Tex. R. 530, as is conceived under the views suggested.

II. The Court should not have rendered a judgment against the defendants for the costs of the Justice's Court, except such as may have legally accrued prior to the institution of the proceeding to revive. And, indeed, to speak more correctly, not even for them should there have been a judgment. For, if the correct judgment were entered, it would simply revive the judgment and simply order that he have execution. (Bullock v. Ballew.) There cannot well be conceived a reason why the District Court should have decreed the costs of the Justice's Court against the defendants, in this form of proceeding and action, unless it can be predicated on Article 716, Hart-

ley's Digest, which however contemplates no such case as this.

*W. P. Hill*, also, for plaintiff in error.

*Ardrey* and *Sexton*, for defendant in error.

WHEELER, J.   We are of opinion that the Court did not err in giving judgment for the defendant in the *certiorari*, for the amount remaining due upon the Justice's judgment.   Having obtained cognizance of the case, it was proper for the Court to adjudicate upon the rights of the parties, and to carry its judgment into execution, without remanding the case to the Justice for that purpose.   And to enable the Court to award execution, it was necessary to render judgment for the debt.

But in awarding costs, the judgment does not conform to the statute.   (Hart. Dig. Art. 716.)   The judgment must therefore be reversed, and such judgment be here rendered as the District Court should have rendered.

Reversed and re-formed.