SOUTHERN PACIFIC R'Y CO. v. DUNCAN & NORTHINGTON.

(No. 2239.)

APPEAL from Galveston County.    Opinion by WHITE, P. J.

WAUL & WALKER, for appellant.

W. B. DENSON, for appellees.

§ 234. *Opinion of witness as evidence; rules as to; case stated.*    Appellees brought this suit against appellant in justice's court to recover damages for injury done to a lot of hogs shipped by them over appellant's line of railway.    They recovered judgment in said court for $140 and costs.    Appellant took the case by appeal to the county court, where appellees recovered judgment for only $122.22, and for *all costs*, from which judgment appellant has appealed to this court. On the trial in the county court, over objection of appellant, the court permitted Duncan, one of the plaintiffs, to testify as to the weight of the hogs at the time they were shipped; the witness stating merely his opinion or estimate of their weight, they not having been weighed.    The objection made to this evidence was that it was the opinion of a witness who was not an expert.    The witness, with reference to his experience and means of knowledge, stated as follows: " I am forty-five years old, and have been raised on a farm; have been raising hogs and stock all my life; have weighed hogs a good deal; I used to set down the weight

of hogs for my father when I was a boy, and have been accustomed to weigh them ever since. Have been shipping stock to Galveston, sometimes cattle, sometimes hogs, for twelve years. I think I am qualified to estimate with reasonable certainty the weight of hogs, though I am not an expert. But knowing the number and sizes of this lot, I consider that I can tell about the average weight. From my experience and knowledge of these hogs, don't think I would miss it far in making an estimate of their weight." *Held:* Under the strict rule of many authorities, especially the older ones, this testimony would be inadmissible. It is, however, the tendency of modern decisions to relax the strictness of the old rules with regard to the opinions of witnesses as evidence, especially where from their means of knowledge they may be supposed to have acquired such acquaintance with the subject-matter as would entitle them to be considered authority upon it to the same extent as are experts in matters purely of skill and science in their particular trade or profession. As to how far a witness is qualified to give an opinion is a question largely within the discretion of the trial judge. In this state the general rule is, that the opinion of a witness as to damages is not admissible. [W. & W. Con. Rep. § 1109.] There are exceptions to this general rule, however. [2 W. Con. Rep. §§ 365, 392.] Under the rules established by modern decisions, we do not think the trial judge abused his discretion in admitting the testimony objected to.

§ 235. *Judgment for costs in case appealed from justice's court must conform to statute.* It was error to adjudge the costs of the county court against appellant, the judgment of the justice's court having been reduced in amount by the appeal, and no cause being stated in the record for thus adjudging the costs. [R. S. arts. 1433, 1434; W. & W. Con. Rep. §§ 246, 355, 828; 2 W. Con. Rep. § 417; Hotchkiss v. Chevallier, 12 Tex. 224.] Appellee having in this court remitted the costs of the county court, the judgment is reversed and reformed so

as to adjudge said costs against appellee instead of against appellant.

February 9, 1887.          Reversed and reformed.