### J. D. LUMPKIN v. R. H. WILLIAMS.

Decided May 20, 1909.

**1.—Costs—Trespass to Try Title—Disclaimer.**

The rule entitling plaintiff in trespass to try title to judgment for costs where he recovers part of the premises claimed (Rev. Stats., art. 5270) applies where the defendant disclaims title except as to a part of the land and has judgment for that part, when his disclaimer is not filed until during or on the eve of the trial.

**3.—Same.**

The statute permitting the court, for good cause stated in the record, to tax costs against a successful plaintiff (Rev. Stats., art. 1438) does not apply to a case where a specific rule as to costs in cases of a particular class is laid down by statute, as by article 5270, Revised Statutes, in trespass to try title. Nor would good reasons for departing from the statutory rule be presumed to support a judgment which states no reasons therefor.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Rodgers & Dorough,* for appellant.—Appellee in his original answer having denied by his pleas of not guilty and the five and ten years' statutes of limitations appellant's rights to recover any of the land sued for, placed the burden upon appellant to prove his title to that portion of the land subsequently disclaimed by appellee, and the costs up to the filing of said disclaimer should have been taxed against appellee, and the trial court erred in taxing same against appellant. Vineyard v. O'Conner, 35 S. W., 1084; Hamilton v. Saunders, 37 Texas Civ. App., 141; Dikes v. Miller, 24 Texas, 417.

*Smelser & Vaughan,* for appellee.—This court can not say that the order taxing costs against appellant was error. Meade v. Warring, 35 S. W., 309. Facts might have existed in the court below which would have warranted the disposition as to costs made in this case. Crow v. Jackson, 49 S. W., 920. In Jones v. Ford, 60 Texas, 132, it is held that the matter of taxing costs is left largely to the discretion of

the District Court. See also Texas & P. Ry. Co. v. Davis, 66 S. W., 598; Cox v. Patten, 66 S. W., 67; Latham v. Taylor, 15 Texas, 248; Watkins v. Atwell, 21 Texas Civ. App., 193.

HODGES, ASSOCIATE JUSTICE.—On October 11, 1907, the appellant, Lumpkin, filed his petition in trespass to try title against the appellee, to recover a certain tract of land therein described, and also asked for the issuance of a writ of sequestration. On December 2d following the appellee answered by a motion to quash the writ of sequestration, a general denial, and limitation of five and ten years. The record shows that the case was tried on June 24, 1908, and on the same day the appellee filed an amended answer, in which he pleaded not guilty and disclaimed as to all but a specifically described portion of the land sued for; this he claimed by limitation. Judgment was rendered in favor of the plaintiff in the suit for all except that which the appellee excepted from the operations of his disclaimer; this was awarded to the appellee. The court also taxed all costs against the appellant. And from that judgment thus taxing the costs the appellant prosecutes this appeal.

Article 5270 of the Revised Civil Statutes provides: "Where the defendant claims the whole premises and the plaintiff shows himself entitled to recover part, the plaintiff shall recover such part and costs." That the defendant in this suit claimed all of the premises sued for is made evident by the nature of his pleadings filed in the case. By these he not only denied the title set up by the plaintiff, but claimed ownership in himself by reason of adverse possession for ten years. This hostile claim was interposed and permitted to stand till the day of trial, and the appellant asserts in his brief, till after the trial had actually commenced and progressed to an extent sufficient to disclose the weakness of the defense except as to a portion of the land involved. It was then superseded by a disclaimer as to all except a portion of the tract sued for. We do not think it would be just to permit the appellee by his pleadings to impose on the appellant the burden of preparing to meet an issue involving proof of ownership to the entire tract of land, and to combat the claim of adverse possession put forth by the former, and then on the eve of or during the trial escape liability for the costs which he made it necessary to incur, by withdrawing his adverse claim. Up to the time of filing his disclaimer the appellee stood in the attitude of one claiming all of the premises. An abandonment at that time of that portion of his claim which he was unable to sustain came too late to entitle him to a judgment for costs. Vineyard v. O'Connor, 35 S. W., 1084; Brown v. Humphrey, 43 Texas Civ. App., 23, 95 S. W., 23. It is true that in the case first above cited a writ of error was granted and the judgment of the Court of Civil Appeals reversed (36 S. W., 424), but the ruling on the question of costs was not disturbed.

Art. 1438 of the Revised Civil Statutes provides that for good cause, to be stated in the record, the trial court may adjudge the costs otherwise than against the unsuccessful party. The discretion here vested can not extend to cases where the statute itself has determined how

the costs shall be awarded. The article referred to requires the "good cause" for adjudging the costs different from the ordinary manner, to be stated in the record. In this instance the court failed to comply with those requirements; and we are unable to pass upon the sufficiency of the reasons, if there were any special ones existing, for taxing the entire costs in this suit against the plaintiff in the case, after he had recovered a portion of the premises sued for. It has been held that when the court undertakes to depart from the ordinary rule of adjudging costs he *must* state his reason for so doing. City of Houston v. Stewart, 40 Texas Civ. App., 499, 90 S. W., 51. We do not think his failure to follow a plain statutory injunction would impose on an appellate court the duty of indulging the presumption that he did have sufficient cause for so awarding the costs. We rather incline to the opposite view that, if no cause is stated, none existed.

In this case we think the court should have taxed all of the costs incurred up to the time of filing the disclaimer, including the judgment on the merits, and those on the motions for retaxing costs, against the appellee, and the remainder against the appellant. The judgment of the District Court will therefore be reversed and here rendered accordingly.

*Reversed and rendered.*