St. Louis Southwestern Railway Company of Texas v. Henry King.

Decided November 18, 1909.

**Justice Court—Appeal—Costs—Judgment—Presumption.**

Where plaintiff, on appeal by defendant from Justice Court, recovered judgment for a less amount than in the court below, with all costs of both courts, it will not be presumed that reasons existed for departing from the rule prescribed by the statute (Rev. Stats., art. 1436, 1438) in the absence of any showing in the record of the grounds for so adjudging the costs. The right secured to appellant is a valuable one, not to be disregarded by the Appellate Court without proper cause, nor without stating the reasons therefor so as to enable their sufficiency to be reviewed.

Appeal from the District Court of Morris County. Tried below before Hon. P. A. Turner.

*Glass, Estes & King,* for appellants, cited: Rev. Stats., art. 1436; American Exp. Co. v. Anderson, 92 S. W., 1039; Cunningham v. Skinner, 97 S. W., 509; Kessler v. Burkell, 99 S. W., 173; Lumpkin v. Williams, 119 S. W., 917.

No briefs for appellee reached the reporter.

WILLSON, Chief Justice.—In a Justice Court of Morris County appellee recovered a judgment against appellant for $150 and costs. The County Court of the county being without jurisdiction in such cases, appellant appealed to the District Court, where a judgment against it in appellee's favor for $115 and costs was rendered. From the latter judgment this appeal is prosecuted. The contention is that the judgment is erroneous in that it adjudges the costs of both the Justice and the District Court against appellant, notwithstanding the judgment of the latter court was for a less amount than the amount of the judgment rendered in the Justice Court. The statute declares that "in cases of appeal or certiorari taken by the party against whom the judgment was rendered in the court below, if the judgment of the court above be against him, but for a less amount, such party shall recover the costs of the court above, but shall be adjudged to pay the costs of the court below; if the judgment be against him for the same or a greater amount than in the court below, the adverse party shall recover the costs of both courts." 1 Sayles' Stat., art. 1436. It further declares: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than is provided" in the article quoted. Id., art. 1438. Why the court refused to adjudge the costs as directed by the statute does not appear from anything in the record. He may have had "good cause" for so refusing and for adjudging them as he did. But should it be presumed in support of the judgment that "good cause" for his action existed? We think not. Lumpkin v. Williams, 119 S. W., 917. The right conferred by the statute to have the costs adjudged as it directs is a substantial and frequently an important one. It could not have been the purpose of the Legislature to leave its enforcement to an unchallengeable discretion on the part of the trial judge, else it would not have required that his reason for otherwise adjudging them should be "stated on the record." On the contrary, we think the purpose in requiring the reasons of the court to be so stated was to guard against the exercise by him of an arbitrary discretion, by making it possible for a litigant affected by the ruling always to know why the direction of the statute was ignored in his case, and, if he sees proper to do so, to present for review in an Appellate Court a question as to the sufficiency of the reasons influencing the court to so ignore the direction of the statute. We are inclined to believe that the purpose of the statute can be more effectually accomplished by indulging a presumption that "good cause" did not exist, when none is "stated on the record," than by indulging a presumption in such a case that "good cause" did exist. In no other way now occurring to us can the right of a party who may be aggrieved by the action of the court in adjudging costs otherwise than as directed by the statute, to relief, be better protected and enforced.

The judgment of the lower court will be so reformed as to adjudge the costs accruing in the District Court in favor of appellant against appellee, instead of in favor of the latter against the former,

and as so reformed it will be affirmed. The costs of this appeal will be adjudged against the appellee.

*Reformed and rendered.*