CONNER v. SKINNER et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 15, 1912.)

1. MUNICIPAL CORPORATIONS (§ 604*)—GENERAL LAW — CITIES — ORDINANCES — IMPOUNDING OF ANIMALS RUNNING AT LARGE.

By Sayles' Ann. Civ. St. 1897, art. 594, providing that towns and villages incorporated under articles 579–617 may exercise exclusive control of streets, alleys, and other public places within the corporate limits, and prevent any nuisance therein, such towns and villages may pass ordinances for the impounding and sale of stock running at large within the corporate limits.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 152, 1335–1337; Dec. Dig. § 604;* Animals, Cent. Dig. § 152.]

2. MUNICIPAL CORPORATIONS (§ 604*)—RUNNING AT LARGE—IMPOUNDING ORDINANCE—CONSTITUTIONALITY.

A city ordinance, passed in accordance with statutory authority providing for the impounding and sale of stock found running at large within the corporate limits, is not unconstitutional.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 152, 1335–1337; Dec. Dig. § 604;* Animals, Cent. Dig. § 152.]

3. MUNICIPAL CORPORATIONS (§ 592*)—ORDINANCE—STOCK RUNNING AT LARGE—PENALTY—CONFLICT WITH GENERAL LAW.

Where it did not appear that the general stock law was in force in a county containing a city having an ordinance providing for the impounding and sale of stock running at large

within its limits, it was no objection to such ordinance that the penalties prescribed were different from those prescribed by the general law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1311–1314; Dec. Dig. § 592.*]

4. ANIMALS (§ 50*)—RUNNING "AT 'LARGE" —IMPOUNDING.

Where plaintiff's cow, found running at large within the corporate limits of a city, was driven to a pen by a citizen and the town marshal notified, who thereupon took her away and complied with an ordinance regulating the sale of animals running at large, the cow was "running at large" within the ordinance, though she was confined at the time she was seized by the marshal.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 148–157; Dec. Dig. § 50.*

For other definitions, see Words and Phrases, vol. 1, pp. 604–607.]

5. COSTS (§ 247*)—APPEAL.

Plaintiff sued a city marshal in justice's court for taking up and selling his cow alleged to have been found running at large in violation of a city ordinance, and, from a judgment in favor of the marshal, appealed to the county court, where he recovered judgment against the marshal and his bondsmen. *Held*, that plaintiff was entitled to recover costs in the county court on such appeal as a matter of right unless the trial court, for good cause to be stated in the record, adjudged otherwise.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 951, 953, 955, 957, 958, 960; Dec. Dig. § 247.*]

Appeal from Eastland County Court; F. S. Bell, Special Judge.

Action by Earl Conner against J. R. Skinner and others. Judgment for plaintiff for less than the relief demanded, and he appeals. Affirmed in part, and reversed and rendered in part.

D. G. Hunt and J. R. Frost, both of Eastland, for appellant. Scott & Brelsford, of Eastland, for appellees.

SPEER, J. We rule against appellant on his contention that the ordinance of the city of Eastland, under which his cow was impounded and sold, was invalid.

[1] By article 594, Sayles' Texas Civil Statutes, towns and villages incorporated, as was the town of Eastland, have power to "exercise exclusive control of the streets, alleys and other public places within the corporate limits" and to "prevent any nuisance within the limits of the corporation," etc. In City of Waco v. Powell, 32 Tex. 258, it was held that similar language in a legislative act authorized the city of Waco to pass an ordinance providing for the impounding and sale of stock running at large within its corporate limits. This appears to be decisive of the contention that towns and villages incorporated under our general statutes (title 18, c. 11) have not the power to pass such an ordinance.

[2] Indeed, in the case cited, it was further held that the ordinance was not for any reason unconstitutional. This contention is made in the present case, and on the authority of that case, and for reasons which we deem sound, we decline to hold the ordinance to be in violation of any of the provisions of our Constitution.

[3] To the suggestion that the penalties of the ordinance are different from those prescribed by a general law, and that for this reason the ordinance is invalid, it is sufficient answer to say the record nowhere discloses that any general stock law is in force in Eastland county, and therefore, if the statutes cited were applicable to that county, some of which are not, yet there is nothing, as indicated, to show that the people of that county have ever availed themselves of the privilege of adopting the provisions of the general stock law so as to put the same in force in the town of Eastland; and, this being true, it cannot be seen how the ordinance is in conflict with a law not shown to exist.

[4] It is next insisted that the judgment should be reversed and here rendered for appellant because under the undisputed evidence his cow was not running at large at the time she was seized and impounded by the town marshal. The fact appears to be that the cow was running at large within the corporate limits of the town when she was driven into a pen by a citizen, and the town marshal was notified and thereupon came and took her away and in other respects complied with the ordinance regulating the sale of such animals. It would be an extremely technical holding to decide that under such circumstances the animal was not running at large merely because an inhabitant of the town on whose premises she was trespassing had temporarily restrained her for the purpose of delivering her over to the town marshal. Such act was merely a preliminary act for the benefit of the marshal looking to impounding her under the ordinance. We think a reasonable and common sense interpretation of the ordinance requires us to hold that the animal was running at large within the meaning of such ordinance at the time she was seized and impounded by the town marshal.

[5] The suit was originated in the justice's court, where judgment was rendered outright against appellant. He appealed to the county court, where he recovered judgment against the marshal and his bondsmen for $9.50; but the trial court, for some reason unexplained in the record, taxed appellant with all costs. This was error. Under the statute he was entitled to recover the costs of the county court unless the trial court, for good cause to be stated in the record should adjudge them otherwise. This he has not done. With respect to the costs of the county court, the judgment is reversed and here rendered for appellant, but in other respects it is affirmed.

Reversed and rendered as to costs of coun-

ty court, but affirmed on the merits, with costs of appeal taxed against appellee.

CONNER, C. J., not sitting.