NAIL v. WOLFE CITY NAT. BANK et al.

(Court of Civil Appeals of Texas. Texarkana. June 28, 1913. Rehearing Denied July 5, 1913.)

1. APPEAL AND ERROR (§ 873*)—QUESTIONS REVIEWABLE—IMPROPER ADJUDICATION OF COSTS.

An improper adjudication of costs is substantive error, affecting the principal judgment, and is not merely a collateral matter, to be determined independently of the litigation in which the judgment is rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3460, 3461, 3522–3525; Dec. Dig. § 873;* Costs, Cent. Dig. § 796.]

2. APPEAL AND ERROR (§ 1073*)—TAXATION—POWER OF COURT.

The court awarding costs otherwise than as prescribed by Rev. St. 1895, art. 1436, must, as required by article 1438, state in the record the grounds for its action, and its failure so to do renders the judgment as to costs irregular, necessitating a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. § 1073.*]

Appeal from Hunt County Court; Geo. B. Hall, Judge.

Action by the Wolfe City National Bank against J. H. Nail and others. From so much of the judgment for plaintiff as makes de-

fendant named liable for all costs of both courts, he appeals. Reformed and rendered.

Neyland & Neyland, of Greenville, for appellant. Looney, Clark & Leddy, of Greenville, for appellees.

HODGES, J. Cherry & Thomas, a firm of architects who resided in Hunt county, held a claim for $167.25 against J. H. Nail, a resident of Tarrant county. This claim was passed by assignment to the Wolfe City National Bank, and its payment guaranteed by Cherry & Thomas. When presented to Nail he refused to pay it, and the Wolfe City National Bank instituted this suit against him and Cherry & Thomas in the justice court of Hunt county. A judgment was there rendered in favor of the bank against all the defendants for the full amount sued for, and in favor of Cherry & Thomas over against Nail. An appeal was prosecuted by Nail to the county court, where a judgment for the same amount was rendered in favor of the bank against Cherry & Thomas, but the judgment against Nail was reduced to $114.50. The original judgment rendered in the county court shows that the case was tried before the court without a jury, and that Nail recovered the costs of that court. Subsequently a motion to reform the judgment as to costs was sustained, and Nail was adjudged liable for all costs of both courts. The ruling of the court in reforming the judgment in response to that motion is the only error complained of in the appeal to this court.

[1, 2] Article 1436 of the Revised Civil Statutes of 1895 provides that "in cases of appeal or certiorari taken by the party against whom the judgment was rendered in the court below, if the judgment of the court above be against him, but for a less amount, such party shall recover the costs of the court above, but shall be adjudged to pay the costs of the court below; if the judgment be against him for the same or a greater amount than in the court below the adverse party shall recover the costs of both courts." Article 1438 provides that "the court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles." From these provisions of the statute it follows that Nail was entitled, as a matter of law, to recover judgment for all costs in the county court, in the absence of some "good cause" stated "on the record." An improper adjudication of the costs is a substantive error which affects the principal judgment itself, and is not merely a collateral matter to be determined independently of the litigation in which the judgment is rendered. Parker v. Boyd, 42 S. W. 1031; Sass v. Hirschfeld, 23 Tex. Civ. App. 1, 56 S. W. 602; Hedgecoxe v. Connor, 43 S. W. 322; Smallwood v. Love, 78 S. W. 400. The statement of a "good cause" for adjudicating the costs otherwise than is required by article 1436 of the statute evidently means the entering upon the judgment record the grounds or facts upon which the court bases that particular feature of the judgment. This being a statutory requirement, its omission renders the judgment as to costs irregular, and deprives it on appeal of the benefit of those presumptions usually indulged in support of the correctness of judgments generally. The failure of the court to comply with the statute in this respect requires a reversal of the judgment. Lumpkins v. Williams, 56 Tex. Civ. App. 160, 119 S. W. 917; Railway Company v. King, 57 Tex. Civ. App. 583, 122 S. W. 925; Railway Company v. Duncan, 3 Willson, Civ. Cas. Ct. App. § 235; Pruitt v. Kelly (Tex. App.) 15 S. W. 119; Hotchkiss v. Chevaillier, 12 Tex. 224; Goodwin v. Biddy, 149 S. W. 739; Conner v. Skinner, 156 S. W. 567.

The judgment of the county court will be reformed, and judgment here rendered in favor of Nail, the appellant, for the costs of the county court.