## BASSETT v. BROWN.   (No. 2868.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1924. Rehearing Denied Feb. 21, 1924.)

1. **Costs** ⊜⊃230—**Prevailing party in county court held entitled to recover costs of both county and justice courts; "judgment."**

Under Rev. St. art. 2046, providing that the successful party shall recover the costs of both courts, if the judgment be for the same or a greater amount than in the court below, the prevailing party was entitled to recover his costs in the justice and county courts, though a finding of fact by the jury in the county court constituted a finding of a fact in favor of the losing party which the justice court had found against him, since the term "judgment," as used in the statute, means the judicial act of the court adjudicating the matter in controversy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment.]

2. **Costs** ⊜⊃3—**Must be adjudged in accordance with statute.**

Where the statute has determined how costs shall be awarded, costs cannot be otherwise adjudged.

Appeal from Hopkins County Court; R. E. Bertram, Judge.

Action by H. Brown against Wallace Bassett. Judgment for defendant, and plaintiff appeals. Modified and affirmed.

Allen, Sellers & Beasley, of Sulphur Springs, for appellant.

G. H. Crane, of Sulphur Springs, for appellee.

LEVY, J. The only question presented in this appeal is that of whether or not the appellant is entitled to recover the costs of suit of both the justice and the county courts. The appellee brought the suit against the appellant in the justice court "upon sworn account for $149.50." The defendant filed a cross-demand. Judgment was rendered in the justice court "that the plaintiff, H. Brown, recover nothing in this suit, and that the defendant, Wallace Bassett, do recover of and from the said plaintiff the sum of $6.65 and all costs of suit." The plaintiff, H. Brown, appealed to the county court, and there, on the verdict of a jury, judgment was entered in favor of the defendant against the plaintiff, H. Brown, in the sum of $10.79

---

and costs of suit in the justice court, but adjudging that the plaintiff, H. Brown, recover the costs in the county court.

[1, 2] Article 2046, Rev. Stat., expressly provides that "the adverse party shall recover the costs of both courts" if "the judgment" of the county court against the appellant from a justice court be "for the same or a greater amount than in the court below." Costs cannot otherwise be adjudged in cases where the statute itself has determined how the costs shall be awarded. Lumpkin v. Williams, 56 Tex. Civ. App. 160, 119 S. W. 917. The appellee seems to rely upon the proposition that, since the jury in the county court made a certain finding of fact in his favor which in the justice court was found against him, therefore he actually recovered a greater judgment in the county court than in the justice court, and was entitled to a judgment for costs in the county court under the above article. The term "judgment," as used in the article, means the judicial act of the court finally adjudicating the matter in controversy, as where a money judgment is entered, and fixing the final amount of the recovery. A finding of facts by the judge or a jury upon the matters submitted does not constitute a "judgment." It is not such an adjudication as is contemplated by that term.

The judgment is modified, so far as it pertains to the adjudication of costs of the county court in favor of appellee, H. Brown, so as to allow the appellant, Wallace Bassett, to recover the cost of both justice and county courts, and, as so modified, the judgment will then be in all things affirmed, the appellee to pay costs of this appeal.

Modified and affirmed.