Bobbie Jean Shotwell **HARRIS**, Appellant,

v.

**A. B. SHOTWELL** et ux., Appellees.

No. 17385.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 26, 1973.

Atkins & Duke, and Bill Atkins, Arlington, for appellant.

John P. Knouse, Irving, for appellees.

OPINION

MASSEY, Chief Justice.

Plaintiffs, A. B. Shotwell and his wife, filed suit for a change of custody of their grandson against the child's mother, Bobbie Jean Shotwell Harris. The attorneys for the defendant mother, preparing a defense in her behalf, incurred $268.50 in expenses to her account in connection with depositions. Such expenses were properly charged as costs.

Plaintiffs moved for a non-suit. Without necessity of citation of law we have taken note that for plaintiffs to obtain a non-suit of their affirmative action is an absolute right, and, where as in the instant case there is no affirmative relief sought to be obtained by the defendant such plaintiffs' action operates to force and effect a dismissal of the entire case. The termination of suit which results is without prejudice to the right of the same plaintiffs, by a subsequently filed suit, to come back into court and seek the identical relief which was their objective in the non-suited action. Were such done it would probably be necessary for the defendant to again obtain depositions taxable as costs in that case (though initially at her own expense as in the case originally brought) in preparation of a defense.

The order formally entered by the trial court relative to non-suit and dismissal reads: "IT IS, THEREFORE, ORDERED by the Court that Plaintiffs be granted a non-suit herein and that said suit be dismissed at the cost of the respective parties to be equally divided including depositions, for which execution may issue."

Because there was a part of the costs which were taxed against the defendant she appealed. What defendant desires, and insists to be her right, is the taxing of costs as prescribed by Texas Rules of Civil Procedure 131, "Successful Party to Recover", so that the plaintiffs will bear the burden of the obligation to pay all costs incurred.

While there are instances where a party to litigation might unreasonably or unnecessarily run up the court costs so that it would be right and equitable for him to bear the burden of payment of the extra costs over and above those reasonably and necessarily incurred the burden of proof would lie on the party asserting want or reason and/or necessity for an excess in costs and the amount thereof. By a hearing conducted for such purpose would a trial court be justified in a departure from the ordinarily applicable rule that a successful party should recover of his adversary all costs incurred by specific provisions of T.R.C.P. 141, "Court May Otherwise Adjudge Costs".

We find ourselves in agreement with certain language from Siepert v. Brewer, 433 S.W.2d 773 (Texarkana, Tex.Civ.App., 1968, writ ref., n. r. e.), as follows: ". . . The rules commit recovery of the costs to the sound discretion of the trial court in the first instance, with the safeguard that his judgment be supported by good cause when costs are not adjudicated in harmony with Rule 131, and that such good cause be stated on the record." We also agree with further language therefrom, as follows: ". . . examination of the entire record on appeal does not disclose that the cause is stated in it for ordering that a part of the fee allowed the guardian ad litem should be paid by the minor parties. Failure to comply with Rule 141 in this respect necessitates a correction of the judgment to bring it into compliance with Rule 131."

Relative to the question of good cause for taxing costs in a manner other than the usual, and the consequent presumption to be made should the case reach the appellate court, it was written long ago: "We rather incline to the opposite view, that, if no cause is stated, none existed." Lumpkin v. Williams, 56 Tex.Civ.App. 160, 119 S.W. 917 (1909, no writ hist.).

In accord with similar action taken in the cases cited we reverse the judgment order of the trial court in so far as same relates to costs and here render judgment that all costs in the trial court and in this court be paid by plaintiffs/appellees, A. B. Shotwell and wife, Ruby Irene Shotwell.