NO. 07-04-0449-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 20, 2004

______________________________

RAFEEQ YAASEENIBNSIDDEEQ,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 64th DISTRICT COURT OF HALE COUNTY;

NO. a 15593-0408; HON. ROBERT W. KINKAID, JR., PRESIDING

_______________________________

ON MOTION TO DISMISS

__________________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Rafeeq Yaaseenibnsiddeeq, by and through his attorney, has filed a motion to dismiss this appeal because he no longer desires to prosecute it.  Without passing on the merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure 42.1(a)(2) and dismiss the appeal.  Having dismissed the appeal at appellant’s request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

Brian Quinn

   Justice

Do not publish.d

8has been uniform.  
City of Amarillo v. Glick
, 991 S.W.2d 14, 17 (Tex. App.–Amarillo 1997, no pet.) (dealing with the recovery of fees under §143.015(c) of the Local Government Code).  Furthermore, included among the category of statutes and rules alluded to in 
City of Amarillo
 is Rule 131 of the Texas Rules of Civil Procedure, and though it speaks in terms of a “successful party,” the definition accorded that phrase is the same one accorded the term “prevailing party.”  
Id.
  So, given the uniformity of definition utilized throughout the differing bodies of law, it seems only logical that opinions implicating Rule 131 would be authoritative when deciding whether a party prevailed under §408.221(c) of the Texas Labor Code.  After all, they encompass the same concept.  

Next, it consistently has been held that the beneficiary of a non-suit, 
e.g.,
 the defendant when a plaintiff files a non-suit, is the prevailing or successful party for purposes of Rule 131.  
City of Houston v. Woods,
 138 S.W.3d 574, 581 (Tex. App.–Houston [14
th
 Dist.] 2004, no pet.); 
Harris v. Shotwell
, 490 S.W.2d 860, 861 (Tex. App.–Fort Worth 1973, no writ); 
Reed v. State
, 78 S.W.2d 254, 256 (Tex. App.–Austin 1935, writ dism’d).  If we are to retain the uniformity spoken of above, then we cannot but conclude that Edward Vaughn was the successful or prevailing party here when American Home Assurance Company filed its non-suit.

Brian Quinn

           Chief Justice