NO. 07-04-0016-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 13, 2005

_____

DEAN FOODS COMPANY d/b/a BELL GANDY'S INC. and
TEXAS WORKER'S COMPENSATION COMMISSION

Appellants

v.

DEBRA ANDERSON,

Appellee

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO.  2002-518,172; HON. SAM MEDINA, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

***Concurring Opinion***

I concur with the majority with regard to the "prevailing party," but write separately

to explain that the majority's decision also follows analogous precedent.  We have

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

recognized that of the many statutes and rules which may entitle a prevailing party to recover attorney's fees, the analysis applied has been uniform. *City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex. App.–Amarillo 1997, no pet.) (dealing with the recovery of fees under §143.015(c) of the Local Government Code). Furthermore, included among the category of statutes and rules alluded to in *City of Amarillo* is Rule 131 of the Texas Rules of Civil Procedure, and though it speaks in terms of a "successful party," the definition accorded that phrase is the same one accorded the term "prevailing party." *Id.* So, given the uniformity of definition utilized throughout the differing bodies of law, it seems only logical that opinions implicating Rule 131 would be authoritative when deciding whether a party prevailed under §408.221(c) of the Texas Labor Code. After all, they encompass the same concept.

Next, it consistently has been held that the beneficiary of a non-suit, *e.g.,* the defendant when a plaintiff files a non-suit, is the prevailing or successful party for purposes of Rule 131. *City of Houston v. Woods,* 138 S.W.3d 574, 581 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *Harris v. Shotwell*, 490 S.W.2d 860, 861 (Tex. App.–Fort Worth 1973, no writ); *Reed v. State*, 78 S.W.2d 254, 256 (Tex. App.–Austin 1935, writ dism'd). If we are to retain the uniformity spoken of above, then we cannot but conclude that Anderson was the successful or prevailing party here when Dean Foods filed its non-suit.

Brian Quinn
Chief Justice

2