**CITY OF AMARILLO and the City of Amarillo Civil Service Commission,** Appellants,

v.

**Mark GLICK, Jerome Godfrey, Douglas Heaster, Douglas Herrington and Darrell Wirtz,** Appellees.

**No. 07–96–0160–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 8, 1997.

Rehearing Overruled Feb. 5, 1998.

Merrill E. Nunn, Claud H. Drinnen, III, Amarillo, for appellant.

Jeff Blackburn, Amarillo, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

DODSON, Justice.

In this appeal, the City of Amarillo and its Civil Service Commission (the City) are the appellants and Marty Glick, Jerome Godfrey, Douglas Heaster, Douglas Herrington, and Darrell Wirtz (the police officers) are the appellees. On appeal, the City challenges that portion of the trial court's judgment awarding the police officers attorney's fees and costs as the prevailing parties in their action to set aside the Civil Service Commission's determination in the police officers' appeal to the Commission concerning a police corporal

promotion examination conducted by the City. We affirm.

The record shows that all of the police officers took the corporal promotion examination and failed, with the exception of Herrington, who did not take the exam. Thereafter, the officers appealed to the Civil Service Commission, claiming the examination was conducted unlawfully because of improper notice and for other reasons. However, the Commission determined:

> ... that due to the lack of Civil Service jurisdiction, the Commission takes no action regarding the Corporal promotional examination and resulting eligibility roster as appealed and requested by Police Officers....

After the Commission's determination, the police officers timely filed their appeal and action in the district court. After a bench trial, the Court, among other things ordered that:

> ... the corporals' promotional examination given on August 2, 1995, by the City of Amarillo Civil Service Commission, and any resulting scores or eligibility lists, except as to those officers who passed said examination, are VOID;

\* \* \* \* \*

> ... as the prevailing party, Plaintiffs [*i.e.*, the police officers] are entitled to reasonable attorney's fees in the amount of ELEVEN THOUSAND ONE HUNDRED AND TWENTY–FIVE and NO/100 Dollars ($11,125.00).

The record further shows that the City requested the trial court to make findings of facts and conclusions of law. Among other things, the trial court found that:

1. The Plaintiffs [*i.e.*, the police officers] timely filed their appeals to the Civil Service Commission.

2. The Plaintiffs [*i.e.*, the police officers] timely filed their appeal to this court.

3. This court has jurisdiction.

4. The Civil Service Commission's decision concerning the officers' appeals was not supported by substantial evidence.

5. The Civil Service Commission's ruling was not free of the taint of illegality.

6. The Civil Service Commission's ruling was not reasonable.

7. The attorney's fees and expenses awarded to the Plaintiffs [*i.e.*, police officers] were necessary and are reasonable.

The City's appeal to this court is limited. By its sole point of error, the City claims only that the police officers are not entitled to attorney's fees because they were not the "prevailing party" in the lawsuit.[1] We disagree.

Initially, we point out that attorney's fees are not recoverable in an action unless provided for by statute or by contract between the parties. *First Nat'l Bank of Commerce v. Anderson Ford–Lincoln–Mercury, Inc.*, 704 S.W.2d 83, 85 (Tex.App.—Dallas 1985, writ. ref'd. n.r.e.) Section 143.015(c) of the Texas Local Government Code provides that upon appeal of a commission decision to a district court, "The court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party." Tex. Loc. Gov't.Code Ann. § 143.015(c). The award of attorney's fees and costs under § 143.015 is within the district court's discretion. *City of Sherman v. Henry*, 928 S.W.2d 464, 474 (Tex. 1996).

Because the award of attorney's fees rests in the sound discretion of the trial court, the judgment will not be reversed on appeal without a clear showing

---

1. The commission does not challenge any other facets of the findings of facts and conclusions of law and the judgment. Accordingly, we limit our determination to the issue raised by the sole point of error.

of abuse of discretion. *City of Sherman v. Henry,* 928 S.W.2d at 474. A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The fact that a trial judge decided a matter within the judge's discretionary authority differently from how an appellate court might decide the matter under the same circumstances does not establish abuse of discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d at 242.

Also, we further note that our research has revealed no reported Texas cases dealing with the definition of "prevailing party" as that phrase is found in § 143.015(c) of the Local Government Code. However, the cases construing the same phrase under Chapter 38 of the Civil Practice and Remedies Code and under Texas Rule of Civil Procedure 131 have consistently applied the same definition and analysis to the phrase. Accordingly, we look to those cases for guidance.

█ A prevailing party is "one of the parties to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention." *F.D.I.C. v. Graham,* 882 S.W.2d 890, 900 (Tex.App.—Houston [14th Dist.] 1994, no writ) (quoting *Criton Corp. v. the Highlands Ins. Co.,* 809 S.W.2d 355, 357 (Tex.App.—Houston [14th Dist.] 1991, writ denied)); *Weng Enterprises v. Embassy World Travel,* 837 S.W.2d 217, 222–23 (Tex.App.—Houston [1st Dist.] 1992, no writ). Determination of whether a party is the prevailing or successful party must be based upon success on the merits, and not on whether or not damages were awarded. *Scholl v. Home Owners Warranty Corp.,* 810 S.W.2d 464, 468 (Tex.App.—San Antonio 1991, no writ); *Perez v. Baker Packers,* 694 S.W.2d 138, 143 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). In

other words, a prevailing party is one who is vindicated by the trial court's judgment. *Dear v. City of Irving,* 902 S.W.2d 731, 739 (Tex.App.—Austin 1995, writ denied).

█ As stated above, the main issue in the appeal before the district court was whether or not the Commission's decision that it did not have jurisdiction to act was lawful. The district court expressly found that the decision was not supported by substantial evidence, was not "free of the taint of illegality," and was not reasonable. In its judgment, the district court overturned the Commission's decision by acting to declare the exam results partially void.

The police officers, basically, wanted their test scores set aside and a new test administered in order to be considered for the promotion of corporal. The trial court's January 19, 1996 judgment determined that "the corporals' promotional examination given on August 2, 1995, by the City of Amarillo Civil Service Commission, and any resulting scores or eligibility lists, except as to those officers who passed said examination, are VOID." Accordingly, the police officers were vindicated by the judgment, although not to the extent of their original contentions.

In support of its position, the City claims that the police officers did not obtain any of the relief that they sought in the trial court and, therefore, they were not the successful or prevailing parties. Again, we disagree.

We reiterate that under the cases discussed above, the police officers need not receive all of the relief which they sought in order to prevail on their actions in the trial court. They need only to obtain a judgment which mandates that they were right on the main issue in the case. In this instance, the Commission determined that it had no jurisdiction to take action on the police officers' appeal. However, the trial court found, by its unchallenged conclusions, that the Commission's decision was not supported by substantial evidence,

was not "free of the taint of illegality," and was not reasonable. Furthermore, the trial court determined that the corporal's promotion examination in question and any resulting scores or eligibility lists were void except as to those officers who passed the exam.

It is undisputed that none of the police officer appellees passed the exam. Thus, the effect of the trial court's determination is that the exam was void as to the police officer appellees. Therefore, we conclude that the police officers prevailed on the main issue in the case, even though they did not receive all of the relief they requested.

Consequently, we conclude that the City has failed to show that the trial court abused its discretion in awarding attorney's fees and costs to the police officers as the "prevailing parties." Accordingly, the City's sole point of error is overruled, and the judgment of the district court is affirmed.