NUMBER 13-03-177-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


ALMA NICHOLSON, Appellant,


v.



RODNEY T. TASHIRO, Appellee.

___________________________________________________________________


On appeal from the 343rd District Court


of Bee County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Garza


Opinion by Justice Rodriguez



 Appellant, Alma Nicholson, brought suit for personal injuries and property
damages against appellee, Rodney Tashiro. Tashiro stipulated to liability but contested
the damages sought. At trial, the jury awarded Nicholson $625.57 in damages. The
trial court denied Nicholson's recovery of court costs. By two points of error,
Nicholson contends (1) that the trial court erred in finding that she was not a prevailing
party, and (2) that no good cause existed for denying recovery of court costs. We
reverse the trial court's denial of Nicholson's recovery of court costs and render those
costs against Tashiro.

I. BACKGROUND

 On September 29, 1999, Nicholson was involved in a motor vehicle accident
with Tashiro. Nicholson sustained property damage to her automobile and suffered
personal injuries as a result of the accident. Tashiro offered Nicholson $3000.00 to
settle the claim. Nicholson rejected the offer and the case proceeded to trial where
Tashiro conceded to liability but contested damages. The jury awarded Nicholson
$625.57 in total damages. The trial judge denied Nicholson recovery of court costs
on grounds that the settlement offer was greater than the jury award. Nicholson
appeals.

II. COURT COSTS

A. Applicable Law

 The Texas Rules of Civil Procedure provide that the successful party shall
recover from the other party all costs incurred from the litigation, except as otherwise
provided. Tex. R. Civ. P. 131. A "successful party" is defined as a party "who obtains
a judgment of a competent court vindicating a civil claim of right." Univ. of Houston
- Clear Lake v. Marsh, 981 S.W.2d 912, 914 (Tex. App.-Houston [1st Dist.] 1998,
no pet.). A determination of whether a party is the prevailing or successful party
"must be based upon success on the merits, and not on whether or not damages were
awarded." City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App.-Amarillo 1997,
pet. denied). 

 The rules of civil procedure provide, however, that the trial court may, for good
cause stated on the record, adjudge the costs otherwise than as provided by law. Tex.
R. Civ. P. 141. Good cause "is a very elusive concept which can only be determined
on a case-by-case basis." Rogers v. Walmart Stores, Inc., 686 S.W.2d 599, 601
(Tex. 1985). Unless the record "demonstrates an abuse of discretion, the trial judge's
assessment of costs for good cause" should not be reversed. Id. The test for an
abuse of discretion is whether the court acted arbitrarily, unreasonably, or without
reference to any guiding rules or principles. Yowell v. Piper Aircraft Corp., 703
S.W.2d 630, 635 (Tex. 1986); Downer v. Aquamarine Operator Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). An appellate court will not substitute its judgment for that
of the trial court, but will reverse only if the record clearly shows that the trial court
disregarded the parties' rights. Yowell, 703 S.W.2d at 635. 

B. Analysis

1. Prevailing Party

 By her first point of error, Nicholson contends that the trial court erred in finding
that she was not a prevailing party. In response, Tashiro argues that he was the
prevailing party because the jury awarded Nicholson less than the settlement amount
that he offered. However, the amount of damages awarded is irrelevant when
determining the prevailing party. See City of Amarillo, 991 S.W.2d at 17. The issue
is whether Nicholson succeeded on the merits of the case. Id. The record, in this
case, shows Tashiro stipulated to liability and stipulated that Nicholson "was not
negligent." Additionally, the jury found Tashiro caused Nicholson's damages. 
Nicholson, therefore, succeeded on the merits of the case. Thus, we conclude she
was the prevailing party.

2. Good Cause

 By her second point of error, Nicholson contends that no good cause exists for
denying her recovery of court costs under rule 131 of the Texas Rules of Civil
Procedure. In general, the party who is successful at trial is entitled to recover all
costs incurred in the action from the adverse party. Tex. R. Civ. P. 131; see Martinez
v. Pierce, 759 S.W.2d 114, 114 (Tex. 1988) (per curiam) (taxing costs against
successful party in trial court contrary to rules of civil procedure). However, according
to rule 141, the court may, for good cause stated on the record, adjudge the costs
otherwise. Tex. R. Civ. P. 141. 

 The record shows that the trial judge relied on the fact that Nicholson failed to
accept the settlement amount, an amount larger than the jury award, as the basis for
finding good cause to deny recovery of court costs. However, a judge is not allowed
to penalize a party for refusal to enter into settlement negotiations. See Gleason v.
Lawson, 850 S.W.2d 714, 717-18 (Tex. App.-Corpus Christi 1993, no pet.) (finding
assessment of court costs against party for exercising his right to jury trial encumbers
that right and makes its assertion costly). By denying her recovery of court costs on
this basis, the trial court unreasonably penalized Nicholson for exercising her right to
a jury trial. See id. No guiding principles exist which would allow the trial judge to do
so, and Nicholson's rights were clearly disregarded. See id.; Downer, 701 S.W.2d at
241-42. Determining good cause on a case-by-case basis, see Rogers, 686 S.W.2d
at 601, we conclude, in this case, that the trial court abused its discretion when it
refused Nicholson's recovery of court costs. The trial court failed to state a good
cause for denying her recovery of court costs.

 Nicholson's first and second points of error are sustained.

III. CONCLUSION

 Accordingly, we reverse the trial court's denial of Nicholson's recovery of court
costs and render those costs against Tashiro.


 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed

this 15th day of July, 2004.