NO. 07-04-0349-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 29, 2005



______________________________




AMERICAN HOME ASSURANCE COMPANY, APPELLANT



v.



EDWARD VAUGHN, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 52,395-C; HON. PATRICK A. PIRTLE, PRESIDING



_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 In this appeal, appellant American Home Assurance Company (American)
challenges the trial court's award of attorney's fees to appellee Edward Vaughn. 
Disagreeing that reversal is required, we affirm the judgment of the trial court.

 In presenting its appeal, American presents one issue for our decision. In that issue,
it asks whether the trial court erred in granting Vaughn's first amended application for
attorney's fees and, in doing so, found that Vaughn was a "prevailing party" within the
purview of section 408.221(c) of the Texas Labor Code.

Background

 The operative facts in this appeal are essentially uncontested. This matter arises
from a disputed claim for workers' compensation. Vaughn filed a claim with American, the
workers' compensation insurer of Vaughn's employer, seeking recovery for an injury he
asserted entitled him to the recovery of workers' compensation benefits. American
disputed the claim and the matter proceeded to hearing before a Texas Workers'
Compensation Commission (TWCC) officer. After the hearing, the hearing officer issued
a decision finding that Vaughn had suffered a compensable injury. American filed an
administrative appeal from that decision but it was affirmed by a TWCC appeals panel. 
Having exhausted its remedies before the TWCC, on January 29, 2003, American filed a
petition in the trial court seeking a judicial review of the matter. Vaughn answered the suit
with a general denial. 

 Prior to the trial of the case, on December 12, 2003, some ten months after it filed
its suit, American filed its Notice of Nonsuit, and a nonsuit was granted by the trial court on
December 22, 2003. However, prior to the granting of the nonsuit, on December 18, 2003, 
Vaughn had filed a motion seeking the assessment of attorney's fees on the basis that he
was the "prevailing party" within the purview of section 408.221(c) of the Texas Labor Code
and, on May 25, 2004, filed an amended motion seeking attorney's fees. On June 4, 2004,
that motion was granted by the trial court and attorney's fees were awarded to Vaughn. 
Hence, this appeal by American.



Standard of Review

 Statutory construction is a question of law, and we review the trial court's action de
novo. Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). The primary goal
in statutory construction is to ascertain and give effect to the legislature's intent, the evil,
and the remedy. Tex. Gov't Code Ann. § 312.005 (Vernon 2005). In ascertaining the
legislative intent, we should liberally construe these workers' compensation provisions in
favor of injured workers. Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex. 2000). 

Discussion

 In pertinent part, section 408.221(c) provides:

 An insurance carrier that seeks judicial review under Subchapter G, Chapter
410, of a final decision of a commission appeals panel regarding
compensability or eligibility for, or the amount of, income or death benefits is
liable for reasonable and necessary attorney's fees as provided by
Subsection (d) incurred by the claimant as a result of the insurance carrier's
appeal if the claimant prevails on an issue on which judicial review is sought
by the insurance carrier in accordance with the limitation of issues contained
in Section 410.302. . . . [Emphasis added.] 


Tex. Lab. Code Ann. § 408.221(c) (Vernon Supp. 2004-2005).

 The concept of "prevailing party" is not defined in the statute. However, the concept
has been defined in other contexts as when "one of the parties to a suit . . . successfully
prosecutes the action or successfully defends against it, prevailing on the main issue, even
though not to the extent of its original contention." City of Amarillo v. Glick, 991 S.W.2d 14,
17 (Tex. App.-Amarillo 1997, pet. denied) quoting F.D.I.C. v. Graham, 882 S.W.2d 890,
900 (Tex. App.-Houston [14th Dist.] 1994, no writ). Whether a party "prevails" should be
based upon success on the merits, rather than whether damages are awarded. City of
Amarillo v. Glick, 991 S.W.2d at 17; Scholl v. Home Owners Warranty Corp., 810 S.W.2d
464, 468 (Tex. App.-San Antonio 1991, no writ). 

 American contends that because of its nonsuit, Vaughn could not, and did not,
obtain a favorable judgment on the merits, and therefore, was not, and could not be, the
"prevailing party" in the suit it filed. See generally Cigna Ins. Co. of Tex. v. Middleton, 63
S.W.3d 901, 903 (Tex. App.-Eastland 2001, pet. denied); see also Buckhannon Bd. & Care
Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 605, 121
S.Ct. 1835, 1840-41, 149 L.Ed.2d 855 (2001). That being so, it reasons, the trial court
reversibly erred in concluding otherwise and awarding Vaughn attorney's fees under
section 408.221(c).

 In supporting that proposition, American places considerable reliance upon the
court's reasoning in Cigna Ins. Co. In that case, the court held that because the claim
made by the plaintiff had been settled, the claimant was not the "prevailing party" within the
terms of the statute and reversed the trial court's award of attorney's fees to the claimant. 
However, the facts in that case are distinguishable from those before us. In reaching its
decision, the court noted that both the insurance company and the claimant had settled and
nonsuited their claims. That being true, the court reasoned, there "were no remaining
issues upon which Middleton [the worker claimant] could prevail." Cigna Ins. Co. of Tex.
v. Middleton, 63 S.W.3d at 903. That is not true in the case before us.

 In this case, Vaughn had received a legal determination from the TWCC hearing
officer that was affirmed by an appeals panel and was binding upon American during the
pendency of an appeal. See Tex. Lab. Code Ann. §410.205(b) (Vernon Supp. 2004-2005). 
Upon American's nonsuit, the TWCC appeal panel's decision became final and received
the imprimatur of the trial court marking the end of any further appeal on the issue of
compensability. See id. § 410.205(a). Even though the trial court did not render a
judgment on the merits of the case, the effect of American's nonsuit was to make TWCC's
decision in favor of Vaughn final and enforceable. That being so, Vaughn was the
"prevailing party" within the purview of the statute.

 Further, although the general rule is that the workers' compensation claimant's
attorney's fees are paid out of the claimant's recovery, from our examination of the statute,
it appears that the intent of the legislature was to ensure that if the insurance company
appealed an award, thereby delaying the payment of benefits to an injured worker, it ran
the risk of having to pay the worker's attorney's fees. There is another valid reason for the
statute. While a worker is not required to have an attorney represent him or her in TWCC
proceedings, in an appeal to the district court, he must obtain an attorney or run the risk of
representing himself with the pitfalls that await a non-legally trained participant in a court
of record. In the affidavit attached to his amended motion seeking attorney's fees,
Vaughn's counsel states the activities he undertook after he began representing Vaughn. 
The trial court was within its discretion in determining these were made necessary by the
filing of the appeal from the TWCC ruling.

 American's issue is overruled and the judgment of the trial court is affirmed.


 John T. Boyd

 Senior Justice







 

NO. 07-04-0349-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 29, 2005



______________________________




AMERICAN HOME ASSURANCE COMPANY,



 Appellant


v.



EDWARD VAUGHN,



 Appellee



_________________________________



FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;



NO. 52,395-C; HON. PATRICK A. PIRTLE, PRESIDING



_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (2)

Concurring Opinion


 I concur with the majority but write separately to explain that the majority's decision
also follows analogous precedent. We have recognized that of the many statutes and rules
which may entitle a prevailing party to recover attorney's fees, the analysis applied has
been uniform. City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App.-Amarillo 1997, no
pet.) (dealing with the recovery of fees under §143.015(c) of the Local Government Code). 
Furthermore, included among the category of statutes and rules alluded to in City of
Amarillo is Rule 131 of the Texas Rules of Civil Procedure, and though it speaks in terms
of a "successful party," the definition accorded that phrase is the same one accorded the
term "prevailing party." Id. So, given the uniformity of definition utilized throughout the
differing bodies of law, it seems only logical that opinions implicating Rule 131 would be
authoritative when deciding whether a party prevailed under §408.221(c) of the Texas
Labor Code. After all, they encompass the same concept. 

 Next, it consistently has been held that the beneficiary of a non-suit, e.g., the
defendant when a plaintiff files a non-suit, is the prevailing or successful party for purposes
of Rule 131. City of Houston v. Woods, 138 S.W.3d 574, 581 (Tex. App.-Houston [14th
Dist.] 2004, no pet.); Harris v. Shotwell, 490 S.W.2d 860, 861 (Tex. App.-Fort Worth 1973,
no writ); Reed v. State, 78 S.W.2d 254, 256 (Tex. App.-Austin 1935, writ dism'd). If we are
to retain the uniformity spoken of above, then we cannot but conclude that Edward Vaughn
was the successful or prevailing party here when American Home Assurance Company
filed its non-suit.

 Brian Quinn

 Chief Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).