NO. 07-04-0349-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 29, 2005

______________________________

AMERICAN HOME ASSURANCE COMPANY, APPELLANT

v.

EDWARD VAUGHN, APPELLEE

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 52,395-C; HON. PATRICK A. PIRTLE, PRESIDING

_______________________________

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.
(footnote: 1)
MEMORANDUM OPINION

In this appeal, appellant American Home Assurance Company (American) challenges the trial court’s award of attorney’s fees to appellee Edward Vaughn.  Disagreeing that reversal is required, we affirm the judgment of the trial court.

In presenting its appeal, American presents one issue for our decision.  In that issue, it asks whether the trial court erred in granting Vaughn’s first amended application for attorney’s fees and, in doing so, found that Vaughn was a “prevailing party” within the purview of section 408.221(c) of the Texas Labor Code.

Background

 The operative facts in this appeal are essentially uncontested. This matter arises from a disputed claim for workers’ compensation.  Vaughn filed a claim with American, the workers’ compensation insurer of Vaughn’s employer, seeking recovery for an injury he asserted entitled him to the recovery of workers’ compensation benefits.  American disputed the claim and the matter proceeded to hearing before a Texas Workers’ Compensation Commission (TWCC) officer.  After the hearing, the hearing officer issued a decision finding that Vaughn had suffered a compensable injury.  American filed an administrative appeal from that decision but it was affirmed by a TWCC appeals panel.  Having exhausted its remedies before the TWCC, on January 29, 2003, American filed a petition in the trial court seeking a judicial review of the matter.  Vaughn answered the suit with a general denial. 

Prior to the trial of the case, on December 12, 2003, some ten months after it filed its suit, American filed its Notice of Nonsuit, and a nonsuit was granted by the trial court on December 22, 2003.  However, prior to the granting of the nonsuit, on December 18, 2003,  Vaughn had filed a motion seeking the assessment of attorney’s fees on the basis that he was the “prevailing party” within the purview of section 408.221(c) of the Texas Labor Code and, on May 25, 2004, filed an amended motion seeking attorney’s fees.  On June 4, 2004, that motion was granted by the trial court and attorney’s fees were awarded to Vaughn.  Hence, this appeal by American.

Standard of Review

Statutory construction is a question of law, and we review the trial court’s action 
de novo
.  
Johnson v. City of Fort Worth, 
774 S.W.2d 653, 656 (Tex. 1989).
  The primary goal in statutory construction is to ascertain and give effect to the legislature’s intent, the evil, and the remedy. Tex. Gov’t Code Ann. § 312.005 (Vernon 2005).  In ascertaining the legislative intent, we should liberally construe these workers’ compensation provisions in favor of injured workers.  
Kroger Co. v. Keng
, 23 S.W.3d 347, 349 (Tex. 2000).
 

Discussion

In pertinent part, section 408.221(c) provides:

An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of a commission appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney’s fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier’s appeal 
if the claimant prevails on an issue on which judicial review is sought by the insurance carrier
 in accordance with the limitation of issues contained in Section 410.302. . . . [Emphasis added.] 

Tex. Lab. Code Ann. § 408.221(c) (Vernon Supp. 2004-2005).

The concept of  “prevailing party” is not defined in the statute.  However, the concept has been defined in other contexts as when “one of the parties to a suit . . . successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention.”  
City of Amarillo v. Glick
, 991 S.W.2d 14, 17 (Tex. App.–Amarillo 1997, pet. denied) 
quoting
 
F.D.I.C. v. Graham, 
882 S.W.2d 890, 900 (Tex. App.–Houston [14
th
 Dist.] 1994, no writ
).  Whether a party “prevails” should be based upon success on the merits, rather than whether damages are awarded.  
City of Amarillo v. Glick
, 991 S.W.2d at 17; 
Scholl v. Home Owners Warranty Corp.
, 810 S.W.2d 464, 468 (Tex. App.–San Antonio 1991, no writ).   

 American contends that because of its nonsuit, Vaughn could not, and did not, obtain a favorable judgment on the merits, and therefore, was not, and could not be, the “prevailing party” in the suit it filed.  
See generally Cigna Ins. Co. of Tex. v. Middleton
, 63 S.W.3d 901, 903 (Tex. App.–Eastland 2001, pet. denied); 
see also Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep’t of Health & Human Resources
, 532 U.S. 598, 605, 121 S.Ct. 1835, 1840-41, 149 L.Ed.2d 855 (2001).  That being so, it reasons, the trial court reversibly erred in concluding otherwise and awarding Vaughn attorney’s fees under section 408.221(c).

In supporting that proposition, American places considerable reliance upon the court’s reasoning in 
Cigna
 
Ins. Co.
 
 In that case, the court held that because the claim made by the plaintiff had been settled, the claimant was not the “prevailing party” within the terms of the statute and reversed the trial court’s award of attorney’s fees to the claimant.  However, the facts in that case are distinguishable from those before us.  In reaching its decision, the court noted that both the insurance company and the claimant had settled and nonsuited their claims.  That being true, the court reasoned, there “were no remaining issues upon which Middleton [the worker claimant] could prevail.”
  Cigna Ins. Co. of Tex. v. Middleton, 
63 S.W.3d at 903.  That is not true in the case before us.

In this case, Vaughn had received a legal determination from the TWCC hearing officer that was affirmed by an appeals panel and was binding upon American during the pendency of an appeal.  
See 
Tex. Lab. Code Ann. §410.205(b) (Vernon Supp. 2004-2005).  Upon American’s nonsuit, the TWCC appeal panel’s decision became final and received the 
imprimatur
 of the trial court marking the end of any further appeal on the issue of compensability.  
See id. 
§ 410.205(a).  Even though the trial court did not render a judgment on the merits of the case, the effect of American’s nonsuit was to make TWCC’s decision in favor of Vaughn final and enforceable.  That being so, Vaughn was the “prevailing party” within the purview of the statute.

Further, although the general rule is that the workers’ compensation claimant’s attorney’s fees are paid out of the claimant’s recovery, from our examination of the statute, it appears that the intent of the legislature was to ensure that if the insurance company appealed an award, thereby delaying the payment of benefits to an injured worker, it ran the risk of having to pay the worker’s attorney’s fees.  There is another valid reason for the statute.  While a worker is not required to have an attorney represent him or her in TWCC proceedings, in an appeal to the district court, he must obtain an attorney or run the risk of representing himself with the pitfalls that await a non-legally trained participant in a court of record.  In the affidavit attached to his amended motion seeking attorney’s fees, Vaughn’s counsel states the activities he undertook after he began representing Vaughn.  The trial court was within its discretion in determining these were made necessary by the filing of the appeal from the TWCC ruling.

American’s issue is overruled and the judgment of the trial court is affirmed.

John T. Boyd

Senior Justice

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2004).