NO. 07-04-0016-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 13, 2005



______________________________




DEAN FOODS COMPANY d/b/a BELL GANDY'S INC. and


TEXAS WORKER'S COMPENSATION COMMISSION



 Appellants


v.



DEBRA ANDERSON,



 Appellee



_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-518,172; HON. SAM MEDINA, PRESIDING



_______________________________



Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J. (1)

Concurring Opinion


 I concur with the majority with regard to the "prevailing party," but write separately
to explain that the majority's decision also follows analogous precedent. We have
recognized that of the many statutes and rules which may entitle a prevailing party to
recover attorney's fees, the analysis applied has been uniform. City of Amarillo v. Glick,
991 S.W.2d 14, 17 (Tex. App.-Amarillo 1997, no pet.) (dealing with the recovery of fees
under §143.015(c) of the Local Government Code). Furthermore, included among the
category of statutes and rules alluded to in City of Amarillo is Rule 131 of the Texas Rules
of Civil Procedure, and though it speaks in terms of a "successful party," the definition
accorded that phrase is the same one accorded the term "prevailing party." Id. So, given
the uniformity of definition utilized throughout the differing bodies of law, it seems only
logical that opinions implicating Rule 131 would be authoritative when deciding whether a
party prevailed under §408.221(c) of the Texas Labor Code. After all, they encompass the
same concept. 

 Next, it consistently has been held that the beneficiary of a non-suit, e.g., the
defendant when a plaintiff files a non-suit, is the prevailing or successful party for purposes
of Rule 131. City of Houston v. Woods, 138 S.W.3d 574, 581 (Tex. App.-Houston [14th
Dist.] 2004, no pet.); Harris v. Shotwell, 490 S.W.2d 860, 861 (Tex. App.-Fort Worth 1973,
no writ); Reed v. State, 78 S.W.2d 254, 256 (Tex. App.-Austin 1935, writ dism'd). If we
are to retain the uniformity spoken of above, then we cannot but conclude that Anderson
was the successful or prevailing party here when Dean Foods filed its non-suit.


 Brian Quinn

 Chief Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 



e evidence in the light most
favorable to the prosecution, to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Burden v. State, 55 S.W.3d 608,
612 (Tex.Crim.App. 2001). This standard is the same in both direct and circumstantial
evidence cases. Burden, 55 S.W.3d at 613. We measure the sufficiency of the evidence
to sustain a conviction against the elements of the offense as defined by a hypothetically
correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). All the
evidence presented to the jury must be considered, whether properly or improperly
admitted, to assess the factual findings from the jury's perspective. See Miles v. State, 918
S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a
thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by
more than a "mere modicum" of evidence. See Moreno v. State, 755 S.W.2d 866, 867
(Tex.Crim.App. 1988). We resolve inconsistencies in the evidence in favor of the verdict. 
Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

 Before determining whether the evidence is sufficient to support appellant's
conviction, we must review the essential elements of the offense the State was required
to prove. Appellant was charged with possession of cocaine, four grams or more but less
than 200 grams, a second degree felony. Tex. Health & Safety Code Ann. § 481.115(d)
(Vernon 2003). To prove unlawful possession of a controlled substance, the State was
required to prove, by direct or circumstantial evidence, that the accused (1) exercised
actual care, custody, control, or management over the substance and (2) knew the matter
he possessed was contraband. Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App.
2005). The evidence must establish the accused's connection with the controlled
substance was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747
(Tex.Crim.App. 1995).

Factual Sufficiency


 When an appellant challenges the factual sufficiency of his conviction, the reviewing
court must ultimately determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See
Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which
the evidence may be insufficient. First, when considered by itself, evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, considering all of the evidence, both for and against the verdict, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not have
been met. Id. at 484-85. 

Applicable Law 


 When the accused is not in exclusive possession of the place where contraband is
found or the contraband is not on the accused's person, additional independent facts and
circumstances must affirmatively link him to the contraband. See Deshong v. State, 625
S.W.2d. 327, 329 (Tex.Crim.App. 1981). Affirmative links is a shorthand expression of
what must be proven to establish that the accused possessed some kind of contraband
knowingly or intentionally and is used to evaluate the sufficiency of the evidence. See
Brown, 911 S.W.2d at 747. The affirmative links rule is a common sense notation designed
to protect innocent bystanders-a parent, child, spouse, roommate, or friend-from
conviction based solely upon his fortuitous proximity to someone else's contraband. See
Poindexter, 153 S.W.3d at 406. 

 Affirmative links may include, but are not limited to: (1) appellant's presence when
the contraband was found; (2) whether the contraband was in plain view; (3) appellant's
proximity to and accessibility of the contraband; (4) whether appellant was under the
influence of narcotics when arrested; (5) whether appellant possessed other contraband
when arrested; (6) whether appellant made incriminating statements when arrested; (7)
whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9)
whether there was an odor of the contraband present; (10) whether other contraband or
drug paraphernalia was present; (11) whether appellant owned or had the right to possess
the place where the drugs were found; (12) whether the place the drugs were found was
enclosed; (13) the amount of contraband found; (14) whether appellant was the driver of
the automobile in which the contraband was found; and (15) whether appellant possessed
a large amount of cash. See Taylor v. State, 106 S.W.3d 827, 831 (Tex.App.-Dallas 2003,
no pet.); see also Trejo v. State, 766 S.W.2d 381, 384-85 (Tex.App.-Austin 1989, no pet.). 
It is not the number of factors present that is important, but the logical force of these
factors, individually or collectively, which determines whether the State's evidence links
appellant to the contraband. See Gilbert v. State, 874 S.W.2d 290, 298 (Tex.App.-Houston
[1st Dist.] 1994, pet. ref'd).

Analysis


 Appellant was neither the owner nor the driver of the vehicle in which the contraband
was found. He was merely a passenger, therefore, he was not in exclusive possession of
the contraband. Thus, the State was required to present evidence, direct or circumstantial,
linking appellant to the contraband to establish appellant was guilty of possession. 

 The record evidences that the contraband was located beneath the passenger's
seat, where appellant was seated. Appellant had two wallets on his person, yet when
appellant was patted down, he had $1,134 in bills stuffed in his front pants pockets. During
the search of the vehicle, appellant continuously stated that the car was not his. The
amount of contraband was large and packaged for dealing. 

 Appellant asserts that the lack of paraphernalia, furtive gestures, attempts to flee,
incriminating statements, or other contraband on appellant's person defeat the State's
attempt to establish affirmative links. (1) However, such an analysis focuses on the number
rather than the logical force of the factors present. See Gilbert, 874 S.W.2d at 298. The
State showed that the appellant was present, in close proximity to the contraband, there
was a large amount of contraband packaged for dealing and appellant had a large amount
of cash stuffed in his front pockets. When all of the evidence is reviewed in the light most
favorable to the verdict, we cannot say that a rational jury could not have found each
element of the offense proven beyond a reasonable doubt. Jackson, 443 U.S. at 319. 
Accordingly, we overrule appellant's issue on legal insufficiency of the evidence. 

 In considering the evidence referred to above for factual sufficiency, we must also
consider the impact of Flores's testimony. Flores testified that when she told appellant she
would give him a ride but did not want any drugs in the vehicle, appellant removed two
small baggies of cocaine from his pocket and laid them on the table. Prior to the car ride
she had observed a number of people coming and going quickly from the residence where
she met appellant, some of whom she knew to use drugs. Finally, after the arrest of
appellant, Flores readily agreed to allow the officers to search her vehicle. The jury heard
Flores's testimony and was in a position to judge the credibility of the witness. We are not
allowed to substitute our judgment for that of the jury. See Clewis, 922 S.W.2d at 135. 
When the evidence is reviewed in a neutral light, we cannot say that the evidence is so
weak that the jury's verdict was clearly wrong and unjust, nor is the contrary evidence so
strong that the beyond-a-reasonable-doubt standard could not have been met. Zuniga, 144
S.W.3d 477, 484-85 (Tex.Crim.App. 2004). Accordingly, appellant's contention regarding
the factual insufficiency of the evidence is also overruled.

 Inasmuch as we have overruled the contentions of appellant, we affirm the trial
court's judgment. 


 Mackey K. Hancock

 Justice



Do not publish. 


 

1. Appellant contends that the affirmative links shown by the State do not exclude
every other reasonable hypothesis except for the guilt of the accused. However, that test
for a circumstantial evidence case was disavowed by the Texas Court of Criminal Appeals
in Geesa v. State, 820 S.W.2d 154 (Tex.Crim.App. 1991).