Opinion issued March 19, 2009

















     




In The
Court of Appeals
For The
First District of Texas
  


  
NO. 01-07-00555-CV
   


  
TOWN & COUNTRY PARTNERSHIP, ANDV 97, INC., INDIVIDUALLY
AND IN ITS OFFICIAL CAPACITY AS GENERAL PARTNER OF TOWN
& COUNTRY PARTNERSHIP, MOODY-RAMBIN TOWN & COUNTRY,
LTD., INDIVIDUALLY AND IN ITS OFFICIAL CAPACITY AS GENERAL
PARTNER OF TOWN & COUNTRY PARTNERSHIP, Appellants
  
V.
 
FRONTIER LEASING CORPORATION, Appellee
 


On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2006-35492
 

 

 
 
MEMORANDUM OPINION
          The trial court rendered summary judgment in favor of appellants (“Town &
Country”). We determine whether the trial court abused its discretion in denying
Town & Country’s request for attorney’s fees and costs of court. We affirm as
modified.
Facts
          This appeal arises from a dispute between Town & Country, the owner of a
commercial rental property, and Frontier, a leasing company. Frontier obtained a
security interest in the equipment of one of Town & Country’s tenants. Pursuant to
a Subordination of Landlord’s Lien Agreement (the “Agreement”), Town & Country
agreed to subordinate its statutory landlord’s lien to Frontier’s security interest. The
Agreement included a clause entitling the prevailing party in any litigation to enforce
or interpret the Agreement to attorney’s fees. When Town & Country later obtained
a writ of possession and took possession of the equipment for the tenant’s failure to
pay rent, Frontier sued on the Agreement.
          Frontier moved for partial summary judgment on liability. Town & Country
responded and filed a cross-motion for summary judgment. As part of its cross-motion, Town & Country sought attorney’s fees as the prevailing party under the
agreement. The trial court denied Frontier’s motion, granted Town & Country’s
motion as to liability, and denied Town & Country’s motion as to attorney’s fees.
Summary Judgment 
          In its sole issue on appeal, Town & Country argues that the trial court abused
its discretion in denying Town & Country’s cross-motion for summary judgment to
recover attorney’s fees. 
Standard of Review
          We review the trial court’s ruling on a summary judgment motion de novo.
Provident Life & Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). The
standard for appellate review is whether the summary judgment proof establishes, as
a matter of law, that there is no genuine issue of material fact as to one or more of the
essential elements of the plaintiff’s cause of action. Gibbs v. Gen. Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970). We view the evidence in a light most favorable to the
non-movant, making all reasonable inferences and resolving all doubts in the non-movant’s favor. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). The
movant bears the burden of showing that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548 (Tex. 1985). When a trial court’s order granting summary judgment
does not specify the grounds relied upon, the reviewing court must affirm summary
judgment if any of the summary judgment grounds are meritorious. FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872-73 (Tex. 2000). 
 
Analysis
          A.      Subordination Agreement
          Town & Country argues that the trial court erred in denying its request for
attorney’s fees because paragraph 7 of the Agreement mandates the award of fees to
Town & Country as the prevailing party in this action for breach of the Agreement.
          The general rule in Texas is that attorney’s fees incurred by a party to litigation
are not recoverable against his adversary in a breach of contract action. Weng
Enters., Inc. v. Embassy World Travel, Inc., 837 S.W.2d 217, 222 (Tex.
App.—Houston [1st Dist.] 1992, no writ) (citing Turner v. Turner, 385 S.W.2d 230,
233 (Tex. 1964)). However, parties to a contract may provide by agreement that the
prevailing party is entitled to recover attorney’s fees. Id. A prevailing party is the
party “who successfully prosecutes the action or successfully defends against it,
prevailing on the main issue, even though not to the extent of its original contention.”
 Johns v. Ram-Forwarding, Inc., 29 S.W.3d 635, 637-38 (Tex. App.—Houston [1st
Dist.] 2000, no pet.) (citing City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex.
App.—Amarillo 1997, pet. denied)). Determination of whether a party is the
prevailing or successful party must be based upon success on the merits, and not on
whether damages were awarded. Glick, 991 S.W.2d at 17; see also Robbins v.
Capozzi, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no pet.). In other words, the
prevailing party is the party who is vindicated by the trial court’s judgment. Glick,
991 S.W.2d at 17.
          Here, paragraph 7 of the Agreement provides that “[i]n any litigation to enforce
or interpret this Agreement, the prevailing party shall be entitled to recover its
attorney’s fees and costs of court.” The question then becomes whether this
litigation was premised on the enforcement or interpretation of the Agreement. If so,
Town & Country should have recovered its attorney’s fees as the prevailing party.
          It is undisputed that Frontier filed this action and pursued a claim to interpret
and enforce the Agreement against Town & Country in this case. In its original and
amended petitions as well as its motion for partial summary judgment, Frontier asserts
that Town & Country breached the Agreement. In its motion for partial summary
judgment, Frontier asks the trial court to interpret the Agreement as a contract and
enforce the Agreement in assessing damages against Town & Country. Frontier’s
entire motion for partial summary judgment is premised on Town & Country’s
alleged breach of the Agreement. Frontier even asserts in its original petition that it
is entitled to attorney’s fees in the litigation regarding Town & Country’s alleged
breach of the Agreement. The trial court denied Frontier’s motion for summary
judgment on the breach of contract claim and granted Town & Country’s cross-motion for summary judgment. Accordingly, Town & Country successfully defended
against Frontier’s claims of breach and, under paragraph 7 of the Agreement, should
be awarded its attorney’s fees. 
          Nevertheless, Frontier contends the trial court was correct in denying Town &
Country’s recovery of attorney’s fees because the trial court based its final decision
on its interpretation of the Texas Property Code and not on the terms of the
Agreement. Frontier contends that, although it sought summary judgment on its
claim for breach of the Agreement, in its response and cross-motion for summary
judgment, Town & Country based its defense on the fact that it had not technically
exercised its landlord’s lien because it had not complied with certain provisions of
the Texas Property Code. The trial court ultimately denied Frontier’s motion for
partial summary judgment and granted Town & County’s cross-motion without
stating the reasons for its decision. However, regardless of whether the court based
its decision on provisions of the Property Code or on the terms of the Agreement,
Town & Country is entitled to the recovery of attorney’s fees in this case.
          The holdings in Robbins v. Capozzi and Probus Properties v. Kirby, are
instructive to our analysis. Robbins, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no
pet.); Probus Properties, 200 S.W.3d 258, 265 (Tex. App.—Dallas 2006, pet.
denied). In Robbins, the Tyler Court of Appeals held that the defendants were
entitled to their attorney’s fees because they were the “prevailing party” in summary
judgment litigation based on a real estate contract. Robbins, 100 S.W.3d at 27. Even
though the court ultimately decided the case on grounds of statutory fraud, common
law fraud, and DTPA violations, the plaintiff’s original motion was based on a real
estate contract with a clause awarding attorney’s fees to the prevailing party in any
legal proceeding brought under or with respect to the contract. Id. at 26-27. The
court held that defendants were the “prevailing party” because they successfully
defended a claim brought regarding the sales contract, even though the trial court’s
ruling was ultimately decided on other grounds, and affirmed the trial court’s award
of attorney’s fees to the defendants. Id. at 27. Similarly in Probus Properties v.
Kirby, the parties had a lease agreement which provided that “if, due to any breach
or default, it becomes necessary for one of the parties to retain an attorney to ‘enforce
or defend any of its rights or remedies hereunder,’ the prevailing party will be entitled
to reasonable attorneys’ fees.” 200 S.W.3d at 265. The Dallas Court of Appeals
sustained a no-evidence point against Kirby, reversed a jury verdict in Kirby’s favor,
and remanded to the trial court with instructions to the trial court to award attorney’s
fees to Probus because Probus successfully defended against a cause of action
regarding the lease agreement. Id. In this case, Town & Country, like the defendants
in Robbins and Probus, was the prevailing party and entitled to an award of its
attorneys fees under the terms of the Agreement because it successfully defended the
action on the main issue. Robbins, 100 S.W.3d at 27; Probus Properties, 200 S.W.3d
at 265. 
B.      Attorney’s Fee Affidavit
          We must now consider whether the attorney’s fees affidavit was sufficient to
support an award of attorney’s fees in this case.
          The amount of an award of attorney’s fees rests in the sound discretion of the
trial court, and its judgment will not be reversed on appeal absent a clear showing of
abuse of discretion. Owen Elec. Supply, Inc. v. Brite Day Constr., Inc., 821 S.W.2d
283, 288 (Tex. App.—Houston [1st Dist.] 1991, writ denied). When a movant
includes a prayer for attorney’s fees in its summary judgment motion, an affidavit
should be attached to the motion, and constitutes “expert opinion testimony” that may
be considered regarding the movant’s attorney’s fees. Id. To create a fact issue, the
non-movant must file a counter-affidavit, no later than 30 days after receipt of the
movant’s affidavit, contesting the reasonableness of the movant’s attorney’s fee
claim. Id. (citing Tesoro Petrol. Corp. v. Coastal Ref. & Mktg., Inc., 754 S.W.2d 764,
767 (Tex. App.—Houston [1st Dist.] 1988, writ denied)); see also Tex. Civ. Prac.
& Rem. Code Ann. § 18.001 (Vernon 2008). Unless a controverting affidavit is
filed, an affidavit as to the amount of attorney’s fees is presumed reasonable. Tex.
Civ. Prac. & Rem. Code Ann. § 18.001(b) (Vernon 2008); Hunsucker v. Fustok, 238
S.W.3d 421, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When the
testimony regarding attorney’s fees is clear, direct, and positive and not contradicted
by any other witness or attendant circumstances and could have been easily
controverted by the non-movant, the movant establishes the amount of attorney’s fees
as a matter of law, even if the testimony comes from an interested witness. See
Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990). The trial
court abuses its discretion in denying attorney’s fees when the movant files an
affidavit for fees and no fact issue is created by the non-movant. See Hunsucker, 238
S.W.3d at 432 (citing Ragsdale, 801 S.W.2d at 882).
          Here, Town & Country attached the affidavit of its attorney to its motion for
summary judgment. In this affidavit, Town & Country’s attorney detailed the specific
work he and his law firm performed in the defense of Town & Country, including a
number of specific tasks, total number of hours worked, and estimates of charges for
any appellate work. Frontier failed to raise a material fact issue as to the
reasonableness of the fees set forth in the affidavit because it filed no affidavit
controverting the attorney’s testimony, even though it could have readily done so if
it believed his claimed fee was unreasonable. Such uncontroverted testimony will be
taken as true as a matter of law when, as here, the opposing party has means and
opportunity to disprove it. Ragsdale, 801 S.W.2d at 882. The amount requested was
clear, direct, and positive in this case. Although the trial court had discretion to
award less than the requested amount if the amount requested was unreasonable, not
credible, or questionable, the court here abused its discretion in awarding Town &
Country no attorney’s fees at all in the face of uncontroverted evidence of fees
incurred and anticipated. See Hunsucker, 238 S.W.3d at 432; Ragsdale, 801 S.W.2d
at 882.
          Frontier contends that Town & Country’s affidavit for attorney’s fees was
insufficient because it failed to include “an itemized statement of the service and
charge” as required by Section 18.001 of the Texas Civil Practices and Remedies
Code. Tex. Civ. Prac. & Rem. Code Ann. § 18.001(c)(3) (Vernon 2008). Frontier
asserts that the affidavit did not identify how many hours were spent on each specific
task and the corresponding rate charged. However, an attorney’s fee affidavit need
not do so. See Brighton Homes, Inc. v. McAdams, 737 S.W.2d 340, 344 (Tex.
App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.) (holding there is no strict
requirement that the work of an attorney be expressed in terms of hours spent; the
amount of work expended can be proved by alternative methods including evidence
of what tasks were taken on behalf of the client); Hugh Wood Ford, Inc. v. Galloway,
830 S.W.2d 296, 298 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding
that attorney’s detail concerning the work he had done, together with his total
estimate of hours worked, was sufficient to support an award of attorney’s fees). 
Here, Town & Country’s attorney provided an affidavit which sufficiently detailed
the nature and extent of the services rendered, as well as testimony regarding his
familiarity with fees customarily charged for similar services in the area. 
Accordingly, the trial court should not have denied Town & Country its attorney’s
fees for lack of a sufficient, uncontroverted affidavit.
          Taking into consideration (1) the evidence presented to the trial court regarding
attorney’s fees and (2) the fact that no controverting affidavit or other evidence was
submitted regarding the reasonableness of legal fees, we hold that a reasonable
attorney’s fee for the necessary legal services rendered on behalf of Town & Country
in this case, including the filing of Town & Country’s Responses to Frontier’s Motion
for Partial Summary Judgment and its own Cross-Motion for Summary Judgment, is
$20,890. Under the facts of this case, we also hold that the uncontroverted evidence
establishes that $25,000 is a reasonable attorney’s fee for the handling of post-judgment motions and the prosecution or defense of an appeal in the Court of Appeals
of Texas. In the event of the filing of a Petition for Review in the Supreme Court of
Texas, we hold that a reasonable attorney’s fee for the necessary legal services to be
rendered in this case in the making or responding to a Petition for Review is $25,000. 
Finally, in the event the Petition for Review to the Supreme Court of Texas is granted,
we hold that a reasonable attorney’s fee for the necessary legal services in the
handling of that portion of the appeal is $10,000.
 
 
 
Conclusion
          We sustain appellants’ sole issue, modify the judgment of the trial court to
award the attorney’s fees described above in favor of the appellants, and, as modified,
affirm the grant of summary judgment to appellants.
 
  
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Jennings, Hanks, and Bland